UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HERBERTO DEON CLAY KING, JR.,          )<br>                                                            )<br>          Petitioner,                          )<br>                                                            )<br>     v.                                              )     CAUSE NO. 2:06-CV-263 WL<br>                                                            )<br>SUPERINTENDENT INDIANA        )<br>STATE PRISON,                              )<br>                                                            )<br>          Respondent.                      ) | |

*OPINION AND ORDER*

Herberto Deon Clay King, Jr., a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his confinement on his criminal conviction in 45G03-0106-CF-122 in Lake Superior Court. Mr. King's petition states that he was convicted on March 8, 2002. The Indiana Court of Appeals affirmed the trial court judgment on direct appeal on January 17, 2003, but he did not seek transfer to the Indiana Supreme Court. Mr. King does not list any other appeal to the Indiana Supreme Court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

This court may not review Mr. King's federal habeas corpus petition because

he has not yet attempted to present any arguments to the Indiana Supreme Court. Therefore, he has not exhausted his state court remedies.  Mr. King is plainly not entitled to relief on this petition; his claims are procedurally defaulted because they have not yet been presented to the Indiana Supreme Court.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Accordingly, Mr. King's petition is **DISMISSED** because he failed to exhaust his state remedies.  The respondent is **DISCHARGED** from any obligation to respond to this court's order to show cause.

SO ORDERED.

ENTERED: November   8   , 2006

> s/William C. Lee
> William C. Lee, Judge
> United States District Court